IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NADIN SAMNANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cr-575-GBL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Nadin Samnang's ("Petitioner") Motion to Correct Sentence under 28 U.S.C. § 2255 ("Motion to Correct") (Doc. 127). This case concerns Petitioner's claim that his Sixth Amendment right to assistance of counsel and his Fifth Amendment right to due process were violated in his trial, resulting in a sentence that was disproportionate to the level of his actual participation in the crime. The issue before the Court is whether Petitioner's Sixth Amendment right to assistance of counsel and Fifth Amendment right to due process were violated.

The Court DENIES Petitioner's Motion to Correct and holds that Petitioner's constitutional rights were not violated for four reasons. First, Petitioner's Sixth Amendment ineffective assistance of counsel claim is meritless. Second, Petitioner's Fifth Amendment denial of Due Process claim is without merit. Third, Petitioner has no grounds to assert a cumulative error claim. Finally, the Court rules that no evidentiary hearing is required.

### I. BACKGROUND

On December 13, 2011, a federal grand jury returned a twelve count indictment charging Petitioner with one count of conspiracy to commit wire fraud and mail fraud, in violation of 18

U.S.C. § 1349, nine counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of mail fraud, in violation of 18 U.S.C. § 1341. (Doc. 1.) The indictment alleged that Petitioner was a former realtor and settlement agent. (*Id.* at 1.) Petitioner allegedly engaged in a mortgage fraud scheme where he purchased residential properties in Northern Virginia and resold them at a large profit to unknowledgeable buyers. In doing so, Petitioner falsified the buyers' mortgage applications in order to get their loans approved and the sales closed. (*Id.* at 3.) The indictment also alleged that Petitioner induced these buyers to participate in the transactions by falsely representing to them that he would arrange to rent the homes and handle the resale of the properties shortly thereafter. (*Id.* at 4.)

On April 27, 2012, Petitioner was found guilty on all twelve counts. On July 20, 2012, the Court sentenced Petitioner to 84 months of incarceration on each count (to run concurrently), three years of supervised release, restitution to the victim lenders in the amount of $7,025,057, forfeiture in the amount of a $946,660 money judgment, and $1,200 in special assessments.

Petitioner appealed his conviction to the Fourth Circuit, arguing: (1) "that the district court abused its discretion in denying his requests for a continuance of the trial based on counsel's lack of preparation"; and (2) "that the court erred by including in the loss calculation under the Sentencing Guidelines the loss attributable to a property that was not listed in the indictment." *United States v. Samnang*, 528 F. App'x 387, 388 (4th Cir. 2013). On June 18, 2013, the Fourth Circuit affirmed Petitioner's convictions and sentence. Concerning the first issue, the Fourth Circuit explained that it had "thoroughly reviewed the record and conclude[d] that the district court did not abuse its discretion in denying Samnang's additional continuance requests after the court, upon Samnang's motion, had already granted a continuance of the trial date by more than one month." *Id.* As to the second issue, the court concluded that contrary to

Petitioner's assertions, the inclusion of loss attributable to the particular property resulted in "no constructive amendment to the indictment or fatal variance between the indictment and the evidence adduced at trial." *Id.* at 388–89. The Fourth Circuit further explained that any argument "that the district court erred in including this property as relevant conduct for the loss calculations under the Guidelines" also " lack[ed] merit as the district court correctly found the relevant conduct by a preponderance of evidence." *Id.* at 389. The Fourth Circuit's mandate was issued on July 10, 2013.

On December 21, 2013, Petitioner filed the present motion for relief pursuant to 28 U.S.C. § 2255 to correct his sentence. It is now before the Court.

## II. DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, a petitioner must prove his claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). In addition, "[i]t is within the discretion of the district judge to deny without a hearing Section 2255 motions which state only legal conclusions with no supporting factual allegations." *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970). Thus, "[a]llegations of a vague, conclusory or incredible nature do not raise factual issues which require a full hearing." *Id.*

3

B. Analysis

The Court DENIES Petitioner's Motion to Correct and holds that Petitioner's constitutional rights were not violated for four reasons. First, Petitioner's Sixth Amendment ineffective assistance of counsel claim is meritless. Second, Petitioner's Fifth Amendment denial of Due Process claim is without merit. Third, Petitioner has no grounds to assert a cumulative error claim. Finally, the Court rules that no evidentiary hearing is required.

1. **Sixth Amendment Ineffective Assistance of Counsel Claims**

Petitioner argues that, due to the denial of his Sixth Amendment right to the assistance of counsel, his sentence is overly harsh and disproportionate to the level of his actual participation in the crime of which he was charged. Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, which requires that Petitioner show (1) that performance of counsel fell below an objective standard of reasonableness, and (2) the defendant was prejudiced as a result. 466 U.S. 668, 687–88 (1984). These are known as the "performance" prong and the "prejudice" prong. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). Performance and prejudice constitute "separate and distinct elements," so a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). If either prong fails, the petitioner fails to effectively assert his claim. *Id.*; *Strickland*, 466 U.S. at 694.

To satisfy the performance prong, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness based on "prevailing professional norms." *Strickland*, 466 U.S. at 688. There must be "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. There is a high level of deference given to counselors. *Id.* at 689; *Yarbrough v. Johnson*,

4

520 F.3d 329, 337 (4th Cir. 2008) ("A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance in order to avoid the distorting effects of hindsight."). Counsel is not ineffective because he overlooks one strategy to pursue another; in fact, a decision is ineffective only if it is so unreasonable that no competent attorney would have made it. *Williams v. Kelly*, 816 F.2d 939, 949–50 (4th Cir. 1987); *Holladay v. Haley*, 209 F.3d 1243, 1253 (11th Cir. 2000).

To satisfy the prejudice prong, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner must demonstrate that the errors by counsel at his trial created not just a possibility of prejudice, but that these errors worked to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). The court must consider the totality of evidence before the judge or jury when evaluating the prejudice prong. *Strickland*, 466 U.S. at 695–96. "Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.*

The Court DENIES Petitioners Motion to Correct as to Petitioner's Sixth Amendment ineffective assistance of counsel claims for two reasons. First, Petitioner's counsel was not ineffective at the trial level. Second, Petitioner's counsel was not ineffective at the appellate level.

### a. Petitioner's Claim of Ineffective Assistance of Counsel at Trial Level

The Court holds that Petitioner's claim of ineffective assistance of counsel at trial level fails because trial counsel was not ineffective at the pre-trial, trial, or sentencing stages.

(i). <u>Ineffective pre-trial counsel</u>

Petitioner alleges that his trial counsel Kenneth Robinson was constitutionally ineffective at the pre-trial stage because he failed to review the plea agreement and the length of time Petitioner would face if he pleaded guilty. (Doc. 127 at 8–9.) Petitioner claims that Robinson failed to actively seek a plea deal. (*Id.*) He further claims that he proceeded to trial instead of entering a plea deal based on Robinson's legal advice, and if he had pleaded guilty and not gone to trial, he would not have received a two-point enhancement for obstruction of justice. (*Id.* at 10.) Petitioner argues that he has therefore been prejudiced, and but for this prejudice his Guidelines range would have been 108–135 months (offense level 31), as opposed to his actual Guidelines range of 135–168 months (offense level 33). (*Id.*) The Court holds that Petitioner's claim regarding ineffective assistance of counsel at the pre-trial preparation stage fails because assuming Robinson's performance was deficient, Petitioner failed to demonstrate that he was prejudiced by Robinson's performance.

First, a sentencing error is harmless if the sentence that results is no longer than the sentence to which a petitioner would otherwise be subject. *United States v. Mehta*, 594 F.3d 277, 283 (4th Cir. 2010). In *Mehta*, the defendant was convicted and sentenced in the United States District Court for the District of Maryland. *Id.* at 279. On appeal, the defendant argued that the district court erred in their calculation of his sentence. *Id.* at 282. However, because this error did not result in a higher sentence for the defendant, the Fourth Circuit held that this error was harmless and non-prejudicial to the defendant. *Id.* at 283.

Second, there must be more than speculation offered in the record to conclude that the court would have imposed a lower sentence but for the error in calculation. *United States v. Knight*, 606 F.3d 171, 180 (4th Cir. 2010). The defendant in *Knight* pleaded guilty to a felon-in-

possession charge and was sentenced to 60 months imprisonment. *Id.* at 171. Although the district court erred in applying the wrong calculation to determine the defendant's offense level, she did not show that she was prejudiced by that error since she offered only speculation that a lower sentence would have been imposed but for the error in calculation. *Id.* at 180.

The Court holds that even if Petitioner's trial counsel were somehow constitutionally deficient in his advice to Petitioner regarding the government's plea offer, Petitioner failed to establish that he was prejudiced. Petitioner does not allege that he was not informed of any alleged plea agreement or that he offered to plead guilty so he does not allege a cognizable habeas claim regarding a plea agreement. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012) (holding that a defendant cannot demonstrate prejudice with respect to a plea offer, "[i]f no plea agreement is made").

Petitioner argues that failing to plead guilty and going to trial caused a two-point enhancement for obstruction of justice. (Doc. 127 at 10.) In actuality, Petitioner received a two-point obstruction of justice enhancement because he perjured himself; he provided materially false testimony in his own defense while under oath. *See* Trial Tr., 27, July 20, 2012.

Moreover, Petitioner's post-trial offense level was 33 (135–168 month range). If the two-points he claims were improperly given were subtracted, the offense level would still be 29 (87–108 month range), which is above the 84-month sentence Petitioner received. As was the case in *Mehta*, Petitioner suffers no harm from his sentence because it is not longer than the sentence to which he could have potentially been subjected. Petitioner received the benefit of all of the assertions he makes pertaining to his sentencing, and like the petitioner in *Knight*, Petitioner cannot prove that he would have received a lower sentence but for the alleged errors.

Accordingly, the Court holds that Petitioner's assertions are insufficient to establish prejudice on a claim of ineffective assistance of counsel at the pre-trial level.

### (ii). Ineffective trial preparation and trial performance

Petitioner's next argument is that his Sixth Amendment rights were violated when the Court refused to grant additional continuances of the trial date. He argues that Robinson could not fully review discovery, and was therefore not prepared for trial. Thus, Robinson could not adequately perform and sufficiently his case. The Court holds that this argument fails on the "prejudice" prong because Petitioner was not prejudiced by counsel's alleged insufficient performance.

"Post-hoc" assertions by counsel that "something might have turned up" if given more time by the trial court are given little weight absent additional evidence. *See United States v. Badwan*, 624 F.2d 1228, 1231 (4th Cir. 1980). In *Badwan*, the defendants were convicted of filing false federal income tax returns. *Id.* at 1231. The defendants appealed, claiming that the district court had erred in denying defendants' motions for continuance. *Id.* The Fourth Circuit held that the trial court did not abuse its discretion in denying the continuance because defendants never showed any concrete evidence that they were prejudiced by the denied continuance. *Id.* at 1232.

Similar to the defendants in *Badwan*, Petitioner failed to articulate how the result of the proceedings would differ had his counsel been given more time to prepare. Furthermore, there is no identifiable harm due to Robinson's "unpreparedness." The Court granted Petitioner's Motion to Continue the Trial giving his second attorney a month to prepare for trial. Because Petitioner cannot prove "prejudice" resulting from the trial court's denial of a motion to

continue, the Court DENIES Petitioner's assertion that his Sixth Amendment rights were violated in preparation for trial and at trial.

(iii). <u>Ineffective representation at sentencing</u>

Petitioner's third argument pertaining to trial counsel is that Robinson's performance was deficient because he failed to object to sentence enhancements regarding: (1) Petitioner's harm to 10 or more victims, (2) Petitioner's obstruction of justice, and (3) Petitioner's leadership role. (Doc. 127 at 16.) Petitioner also argues that Robinson was ineffective because (4) he failed to object to the inclusion of certain property in the loss amount, which resulted in a bump in his sentence enhancement. (Doc. 127 at 15–16.) The Court holds that these claims fail on the "performance" prong because Petitioner failed to show that Robinson's performance fell below a standard of reasonableness.

*(a) Ten-or-more Victims Enhancement*

The Court finds that Robinson's failure to challenge the Court's victim enhancement was not indicative of deficient performance, but rather an indication of a reasonable tactical decision. "Counsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another." *Williams v. Kelly*, 816 F.2d 939, 950 (4th Cir. 1987) (citing *Strickland*, 466 U.S. at 689). In *Williams*, appellee prisoner filed a motion for a writ of habeas corpus. *Williams*, 816 F.2d at 939. The appellee argued that he received ineffective assistance of counsel during his conviction for felony murder and that his counsel's advice was constitutionally erroneous. *Id.* The Fourth Circuit held that counsel's failure to move to strike after the prosecution's case was a reasonable tactical decision, not deficient performance. *Id.* at 950. The Court also held that tactical legal decisions should be left to the discretion of counsel, so long as his or her actions do not fall below a reasonable standard of practice. *Id.* Because the Court found that counsel's

decision not to move to strike prosecution's case was a reasonable tactical decision, the Court found that appellee's ineffective assistance of counsel claim failed. *Id.*

Here, Petitioner did not specify what arguments Robinson should have made regarding the number of victims and how these arguments would have altered the Court's decision. The record shows that the Court determined that 16 mortgage lenders incurred losses. (*See* Doc. 86 at 7.) If Robinson were to have challenged to the ten-or-more victim enhancement, he would not have succeeded based on the Court's findings. Thus, the Court finds that Robinson's failure to challenge this enhancement was not indicative of deficient performance.

### (b) *Obstruction of Justice Enhancement*

The Court holds that Petitioner cannot show deficient performance regarding this issue. In arguing against the obstruction of justice enhancement, Petitioner claims that he was never accused of perjury at any point throughout the proceedings, that he was improperly penalized, and that Robinson's failure to make these arguments resulted in constitutionally deficient assistance of counsel. (Doc. 127 at 17.) However, the record shows that Petitioner was indeed accused of perjuring himself, the enhancement was associated with overwhelming evidence of this perjury, and Robinson challenged the enhancement to no avail. (Doc. 86 at 10-11.); *see also* Petitioner's Position on Sentencing (Doc. 81 at 4.) Accordingly, the Court holds that the performance of Petitioner's trial counsel fell within a reasonable performance standard regarding the obstruction of justice enhancement.

### (c) *Petitioner's Role in the Scheme*

The Court holds that Petitioner's trial counsel's performance was not deficient because the record shows that counsel made arguments about Petitioner's lesser role in the scheme. (Doc. 81 at 4.) Petitioner asserts that if Robinson had focused on the fact that Petitioner was just

an additional participant in the conduct, he would have been more effective. (Doc 127 at 18.) Robinson argued that evidence showed Petitioner was no more a leader in the scheme than other alleged co-conspirators. (Doc. 81 at 4.) At sentencing, Robinson conceded that Petitioner was a co-leader with Martinez and Oliveira, but still no more a leader than the others. Trial Tr. 6, July 20, 2012. Petitioner's counsel was not constitutionally ineffective because he chose one method of advocacy over another. Like the appellee in *Williams*, Petitioner cannot now claim ineffective counsel because Robinson chose not to use a specific strategy. Robinson took the position that Petitioner was no more a leader than Martinez and Oliveira. (Doc. 81 at 5.) However, this argument did not prevail. Trial Tr. 25, July 20, 2012.

*(d) Inclusion of Property in Loss Amount*

The Court holds Petitioner's claim of insufficient performance regarding the inclusion of the Avonworth Square Property ("the Property") in the loss calculation is futile because Robinson challenged the inclusion of the loss associated with the Property. Petitioner claims that his counsel was ineffective during sentencing because Robinson failed to object to the addition of the Property in the loss amount, resulting in Petitioner's failure to break the $7 million threshold and a 20-point loss enhancement, as opposed to 18 points. (Doc. 127 at 15–16.) The Court finds that Robinson challenged the inclusion of the loss associated with the Property. *See* Addendum 3 to Petitioner's Position on Sentencing (Doc. 81-3 at 2) (where Robinson attempts to submit Petitioner was responsible for fewer properties than the government included in the indictment). The inclusion of the Property was also litigated on direct appeal. *Samnang*, 528 F. App'x at 389 (holding that, on any standard of review, Petitioner's claim lacked merit as the district court correctly found that relevant conduct by a preponderance of the evidence). The

Court holds that Petitioner cannot prove deficient performance because he mistakenly asserts that Robinson failed to argue an issue that he indeed argued.

### b. Petitioner's claim of ineffective assistance of counsel at appellate level

Petitioner claims that his appellate counsel was constitutionally ineffective because they failed to raise an ineffective assistance of trial counsel claim and neglected to challenge his various sentence enhancements. (Doc. 127 at 21–22.) The Court holds that this claim fails on the "performance" prong because Petitioner cannot prove appellate counsel Shanlon Wu and Ursula Werner performed below an objective standard of reasonableness.

There is no constitutional duty for defense counsel to raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). In *Jones*, the Second Circuit held that defense counsel's decision to not argue a non-frivolous issue on appeal resulted in ineffective assistance of counsel. *Id.* at 750. In challenging this judgment, the government argued that this precedent was not a requirement for defense counsel to raise every non-frivolous claim during an appeal, and that doing so would result in too many superfluous claims before the court. *Id.* The Supreme Court found that there is no requirement that each claim be raised on appeal, and that the decision regarding what issues to present is left to the discretion of counsel. *Id.*; *see also Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.").

The Court holds that Petitioner's claim fails because appellate counsel Shanlon Wu and Ursula Werner were not objectively unreasonable in failing to raise the claims Petitioner suggested. Unlike *Jones*, the decision to not argue a non-frivolous claim did not result in ineffective assistance of counsel because counsel would not have prevailed in asserting any of

12

the alleged errors Petitioner suggests. Moreover, as determined by *Jones*, neither Wu nor Werner had a duty to assert every non-frivolous claim. *Id.* *Bell* makes is clear that Petitioner's appellate counsel did not need to focus on all the potential issues that could arise in the case. Appellate counsel in this case chose their grounds for appeal, and petitioner has failed to demonstrate that this selection of appellate issues fell below an objective standard of reasonableness. Accordingly, the Court holds that the performance of Petitioner's appellate counsel fell within a reasonable performance standard.

### 2. Fifth Amendment Denial of Due Process Rights Claim

The Court holds that Petitioner was not prejudiced by the Sentencing Guidelines range established in this case. Petitioner asserts that his Fifth Amendment due process rights were violated at sentencing because he was sentenced for a statutory crime with elements which differed from those of which the jury found him guilty. (Doc. 127 at 28.) He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to argue that his due process rights were violated when he was sentenced on the basis of a higher Guidelines range determine by the Court that was not found by the jury beyond a reasonable doubt. (Doc. 127 at 26–28.) In order to assert this claim now, since Petitioner did not do so on direct appeal, he must establish cause for the default and resulting prejudice. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012).

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 490. In addition, facts that increase mandatory minimum sentences must be submitted to a jury. *See Alleyne*, 133 S. Ct. at 2163. The ruling in *Alleyne* was not meant to assert that every fact that influences judicial discretion must be found

by a jury. *Id.* On the contrary, the Supreme Court has acknowledged that broad sentence discretion does not violate the Sixth Amendment because "establishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." *Id.*

Petitioner was convicted of crimes that had no mandatory minimum and each had a 20-year statutory maximum. In this case, the Court found an advisory Guidelines range of 135 to 168 months. The facts that established this Guidelines range neither increased the statutory maximum nor created a mandatory minimum. Accordingly, the Court denies Petitioner's assertion that his due process rights were violated because Petitioner failed to prove any prejudice resulting from the Guidelines range established here.

### 3. Petitioner's Claim for Cumulative Error

In the Fourth Circuit, claims for ineffective assistance in the Fourth Circuit must be reviewed individually, not as a conglomerate. *See Fisher v. Angelone*, 163 F.3d 835, 852–53 (4th Cir. 1998). In *Fisher*, the court held that ineffective assistance claims should be given individualized consideration and not reviewed under cumulative error doctrine. *Id.* at 852. Further, the cumulative error doctrine cannot apply to cases where there is no discernable harm found on an individual level. *United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009); *see also Wainwright v. Lockhart*, 80 F.3d 1226 (8th Cir. 1996) (holding that an attorney's acts or omission that are not unconstitutional individually cannot be added together to create a constitutional violation).

Petitioner's claim that a complete review of his case should be made under the doctrine of cumulative error is unfounded. (Doc. 127 at 29.) Such a claim has been refuted by the Fourth Circuit. *See, e.g., Fisher*, 163 F.3d at 852; *Jones v. Stotts*, 59 F.3d 143, 147 (10th Cir. 1995).

Additionally, the Court has found that all of Petitioner's individual claims of error lack merit. Accordingly, the Court holds that there can be no consideration for cumulative error.

### 4. No Evidentiary Hearing is Required

The Court holds that no evidentiary hearing is required in this case because did not include sufficient factual allegations to meet the required burden of proof. According to *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003), evidentiary hearings for § 2255 motions are not common. They are granted only in situations where the petitioner has met a heavy burden and demonstrated that an evidentiary hearing is warranted. *Id.* District judges have the discretion to deny § 2255 motions without a hearing if they assert legal conclusions that lack supporting factual bases. *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970). Because evidentiary hearings for § 2255 motions are expensive and time consuming, the submission of affidavits helps to combat some of the expense and tedium. *Id.* at 529-30.

Here, Petitioner did not include factual allegations to support his ambiguous legal conclusions. Petitioner also submitted declarations for himself and his counsel Kenneth Robinson. These sworn statements, grouped with those of Plato Cacheris, John Hundley, and Jesse Winograd submitted by the government, sufficiently negate the need for an evidentiary hearing. For these reasons, the Court holds that no evidentiary hearing will be held in this case.

### III. CONCLUSION

The Court DENIES Petitioner's Motion to Correct and holds that Petitioner's constitutional rights were not violated for four reasons. First, Petitioner's Sixth Amendment ineffective assistance of counsel claim is meritless. Second, Petitioner's Fifth Amendment denial of Due Process claim is without merit. Third, Petitioner has no grounds to assert a cumulative error claim. Finally, the Court rules that no evidentiary hearing is required.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Nadin Samnang's Motion to Correct under 28 U.S.C. § 2255 (Doc. 127.) is **DENIED**.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For reasons stated in this Memorandum Opinion, the Court expressly declines to issue such a certificate.

**IT IS SO ORDERED.**

ENTERED this \_\_\_\_ day of December, 2015.

Alexandria, Virginia

12/\_\_\_/2015

/s/
Gerald Bruce Lee
United States District Judge